UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID BUTLER,** | : | 3:15cv374 (WWE) |
|     **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| **HALLKEEN EAST HARTFORD** | : | |
| **LIMITED PARTNERSHIP and** | : | |
| **HALLKEEN MANAGEMENT, INC.,** | : | |
|     **Defendants.** | : | |

**RULING ON MOTIONS FOR FEES AND COSTS**

In this action, plaintiff asserts that defendants locked him out of his apartment for a month to retaliate against him in violation of the Fair Housing Act ("FHA"). In connection with discovery efforts, this Court granted plaintiff's motion to compel and denied defendant's motion for a protective order related to the depositions of defendant's corporate designee and other witnesses. Plaintiff now seeks attorney fees and costs related to filing the motion to compel and to opposing the motion for protective order.

**BACKGROUND**

Defendants are alleged to be the owners and managers of the Summerfield Townhouses, which is federally subsidized through the Department of Housing and Urban Development Section 8 subsidy program.

Plaintiff has alleged that defendants illegally locked him out of his home for approximately one month after he exercised his rights pursuant to the FHA. Defendants responded as a defense that they changed plaintiff's locks and "secured the unit as a reasonable health and safety precaution based upon the information then

1

and there available to them."  Defendants have maintained that asbestos may have been present in the apartment due to a hole in the ceiling of plaintiff's apartment.

Plaintiff sought discovery on defendants' practices regarding asbestos testing in apartments, renovations conducted in plaintiff's apartment and other units in the Summerfield Townhouses, and other instances where defendants have changed locks at units in the Summerfield Townhouses.  Defendants objected on the basis of relevance to plaintiff's interrogatories and requests for production on these subjects.

On January 1, 2016, plaintiff filed a motion to compel.  The Court granted the motion to compel because the discovery requests were reasonable in light of defendant's asserted defense.  The Court also provided that plaintiff would be awarded costs associated with the filing the motion to compel.

On the January 4, 2016, defendants filed a motion for protective order to prevent plaintiff from deposing certain agents, employees and representatives prior to the Court's determination of the motion to compel.  Plaintiff had previously served defendants with a deposition notice relative to deposing the defendants' corporate designee on January 5, 2016.  The deposition proceeded but defendants' corporate designee failed to appear, and defendants also refused to proceed with the depositions that had been previously scheduled of agent and employee fact witnesses.

The Court denied the motion for protective order because defendants had not demonstrated good cause for staying all depositions scheduled pending the determination of the motion to compel.  Due to the unsubstantiated grounds for filing the protective order and the failure of the corporate designee to appear at the

deposition,[1] the Court provided that plaintiff would be awarded costs associated with opposition to the protective order and rescheduling of the deposition that defendant's designee failed to attend.

Defendants have complied with the Court's orders and responded to plaintiff's discovery requests regarding its asbestos investigation defense.

## DISCUSSION

In two motions for a determination of fees and costs to be awarded, plaintiff requests, respectively, $9,400 in fees and costs related to filing plaintiff's motion to compel, and $6,150.48 in fees and costs related to opposing the motion for protective order and scheduling the deposition. Plaintiff also requests fees in connection with filing the motion for a determination of fees. Defendants assert that the requested amounts are excessive.

Defendants request plaintiff to provide an accounting that includes the name of the attorney performing the work, date, hours, and nature of the work. However, the Court finds that plaintiff has provided time records that contain the appropriate detailed information.

Defendants complain further that the hours expended are unjustifiably high for the complexity of the work involved. Relevant to the motion to compel, the time sheets submitted reflect that plaintiff's counsel spent a reasonable amount of time, 28.4 hours, to prepare, research and brief the motion. This work included time spent analyzing defendants' discovery objections; attempting to resolve the dispute prior to the motion

---

[1]Defendants had previously agreed to the dates of the depositions, and the motion for protective order was not based on a substantially justified basis.

filing; researching case law relevant to the amended Rule of Civil Procedure 26(b)(1) and to the relevance of the comparator information sought; and preparation of the reply brief, which addressed defendants' newly asserted vagueness argument.  Relevant to the motion for protective order, the time sheets reflect that plaintiff's counsel spent a reasonable 16.1 hours to oppose the motion for the protective order, which work comprised attempts to resolve the dispute; research of the applicable standards; review of defendants' motion; and drafting the opposition.  The research into the standards for the protective order differed from that of the motion to compel because it concerned standards for fees and costs applicable to Federal Rule of Civil Procedure 30(b)(6) rather than defendants' failure to respond to plaintiff's written discovery requests for relevant information.

Plaintiff requests that the Court order defendants to bear the actual costs of the rescheduled deposition rather than awarding the costs to reschedule the original deposition.  The Court declines to award the actual costs of the rescheduled deposition, which would have been incurred regardless of whether the defendants' corporate designee appeared for the first scheduled deposition.  Awarding plaintiff the cost to reschedule the deposition will ensure that plaintiff is adequately compensated for the defendants' conduct.

### Award of Fees Related to this Fee Dispute

The Court will also award the costs associated with filing the attorneys' fees petition, which amounts to $1,875 (5 hours at Attorney Kirschner's billing rate).  The Second Circuit established that an attorney should be compensated for time spent litigating a fee claim.  Gagne v. Maher, 594 F.2d 336, 343-44 (2d Cir. 1979).

Amount to be Awarded

The Court must determine a reasonable hourly rate of pay by considering factors such as the complexity of the case, an attorney's experience, and fee awards in similar cases; the Court multiplies that rate by the number of hours "reasonably required" to perform a task.  Andrade v. Kwon, 2012 WL 3059616, at *10 (D. Conn.).

In light of Attorney Kirshner's considerable experience practicing fair housing law, the Court finds that $375 an hour represents a reasonable attorney fee rate. Attorney Salmun Kazerounian, who has worked at the Connecticut Fair Housing Center since 2012, has a reasonable billing rate of $250 an hour.

Accordingly, the Court will award $9,400 for fees associated with the motion to compel; $5,850 for fees associated with the opposition to the motion for protective order; $300.46 for costs associated with the canceled deposition on January 5, 2016; and $1,875 for fees associated with responding to defendant's opposition to the plaintiff's motions for determination of fees.   Thus, the Court will award a total of $17,425.46 in attorneys' fees and costs.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motions for determination of fees and costs (Docs. 57 and 58) and awards $17,425.46 in fees and costs. Defendants are instructed to comply with this order within 15 days of its filing date.

Dated this __5th__ day of April, 2016, at Bridgeport, Connecticut.

        /s/Warren W. Eginton
        WARREN W. EGINTON
        UNITED STATES DISTRICT JUDGE