UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID BUTLER<br>　　　　Plaintiff, | ) CIVIL ACTION NO. 3:15-CV-00374-WWE<br>)<br>) |
| V. | )<br>) |
| HALLKEEN MANAGEMENT, INC. and<br>HALLKEEN EAST HARTFORD LIMITED<br>PARTNERSHIP<br>　　　　Defendants. | )<br>)<br>)<br>) JULY 13, 2016 |

## LOCAL RULE 56(a)2 STATEMENT OF FACTS

The undersigned defendants hereby respond to the plaintiff's 56(a)2 Statement of Facts:

1. Admit.

2. Admit.

3. Admit.

4. Denied. (Butler Dep. pp. 69-70)

5. Admit.

6. Denied. (Pltf. Exhibit C, at 1 (Email on Feb. 13, 2015 from Steve Lodi to Maida Gonzalez, copied to Jeffrey Turk, et al.))

7. The defendants admit they changed the deadbolt locks on February 13, 2015. The defendants deny that they prohibited him from accessing it. (Turk Aff. ¶18.).

8. The defendants admit they did not have a court order to change the locks, but deny that they changed the locks to take possession of the unit. (Maguire Aff. ¶¶16, 18, 19.)

- 1 -

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510


HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

9. Denied. (Turk Aff. ¶¶12, 13.) (Maguire Aff. ¶¶ 16, 17, 18.)

10. Denied. Id.

11. Admit.

12. Admit.

13. Denied. (Butler Dep. p. 125.)

14. Admit.

15. Denied. (Turk Aff. ¶ 18.)

16. Denied. (Butler Dep. pp. 81, 84.)(Fountain Dep. p. 15, 17.) (Pltf. Exhibit D pages 28 and 34, E-mails from Attorney Kazerounian to Attorney Turk dated February 25, 2015 and February 17, 2015, respectively asking for the defendants' assistance moving the plaintiff's belongings from his fiancée's home.)

17. The defendants admit that on February 17, 2015, their agent extended the offer to transfer Mr. Butler to another unit, a decision which was made on February 13, 2015. (Maguire Aff. ¶ 16.) (Turk Aff. ¶14.).

18. Denied. (Rodriguez Aff. ¶¶ 20-25.)

19. The defendants can neither admit nor deny the factual allegations contained in Paragraph 19.

20. Denied. (Rodriguez Aff. ¶¶ 20-25.)

21. Admit.



One Century Steet
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

22. Admit.

23. The defendants deny that Attorney Turk is acknowledging the defendants denied Mr. Butler access to 125 Plain Drive. (Turk Aff. ¶.18.)  The defendants admit that the email contained the following statement: "Where we kept him out for several weeks, I would think we would not want to push this and I assume he will come in early this week since he needs his personal property."

24. Denied. (Turk Aff. ¶18, 19.)

25. The defendants admit that they changed the locks on February 13, 2015 and that the email from Mr. Turk referenced the fact that "testing from the apartment came back that there is asbestos contamination." The defendants deny that they were denying Mr. Butler access. (Turk Aff. ¶¶18, 19.)

26. Admit.

27. The defendants admit that their decision to secure 125 Plain Drive was based in part on a report it received from EnviroCheck. (Maguire Aff. ¶ 16.)

28. Admit.

29. Denied. (Maguire Aff. ¶11- 16.) (Rodriguez Aff. ¶ 17.) (St. Peter Aff. ¶ 9, 11, also See EnviroCheck report pages 11-17).

30. Denied. (See Pltf. Exhibit J, p 1-9.)



One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

31. The defendants admit that on March 12, 2015, they advised Mr. Butler's attorney that Mr. Butler could access his personal belongings. (See Pltf. Exhibit D Turk Emails at 12.)

32. The defendants admit that they did not inform any governmental agency of the finding of asbestos. The defendants deny that no official from any government agency inspected 125 Plain Drive between January 1, 2015 and March 13, 2015. (See Pltf. Exhibit D, p. 46.)

## **DISPUTED ISSUE OF MATERIAL FACT**

In addition to the facts denied above, the defendants also assert the following material facts are in dispute to the plaintiff's Motion for Summary Judgment on Count Four of the Complaint:

1. Whether the defendants secured the locks to 125 Plain Drive to recover possession of the premises from the plaintiff.

2. Whether the plaintiff could only regain access to his residence by use of force.

3. Whether the defendants' actions were unfair or deceptive as contemplated by Conn. Gen. Stat. §42-110a, et seq.

4. Whether the defendants committed conversion by securing the plaintiffs' belongings until it was determined that they did not present a health risk to him or anyone else.

5. Did Mr. Butler consent to the defendants' actions.

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

6. Was the dispossession of Mr. Butler from his belongings indefinite and or permanent.

**LOCAL RULE 56(a)2 STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The undersigned defendants hereby assert the following material facts are not in dispute and there is no genuine issue to be tried:

1. For all relevant times prior to February 18, 2015, the property located at 125 Plain Drive, East Hartford, Connecticut (Hereinafter referred to as the Property.) was leased to the plaintiff, David Butler (Hereinafter referred to as Butler.). (Compl. ¶ 6.)

2. The Property is a Townhouse Style Condominium, located in a development called Summerfield Townhouses. (Maguire Aff. ¶ 5.)

3. Summerfield Townhouses is comprised of approximately 395 units, which are rented to low income and Section 8 qualified individuals. (Maguire Aff. ¶ 5.)

4. The Property was owned by the defendant, HallKeen East Hartford Limited Partnership and managed by HallKeen Management, Inc. (Collectively referred to hereinafter as "HallKeen".) (Compl. ¶ 7-8.)

5. At all relevant times prior to March 1, 2015, Maida Gonzalez (Hereinafter referred to as Gonzalez.) was the property manager at Summerfield Townhouses. (Maguire Aff. ¶ 7.)

6. On January 14, 2014, Butler filed a Fair Housing complaint with the Commission on Human Rights and Opportunities ("CHRO") alleging HallKeen discriminated against him

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

in violation of state and federal fair housing laws by refusing to grant his request for a reasonable accommodation of his disability. (Compl. ¶ 11.)

7. On Monday, January 12, 2015, the defendants' employees became aware of a damaged pipe at the Property that was allowing water to flow into the first floor and down to the basement. (St. Peter Aff. ¶ 3.)

8. Butler was not present at the Property when the damaged water pipe was discovered nor did he return to the Property when the defendants' employees attempted to mitigate the damage. (Butler Dep. p. 68-69, Rodriquez Aff. ¶ 12.)

9. On January 12, 2015, ServiceMaster was hired to come to the Property and remove excess water from the kitchen, dining room and living room floors and to prepare an estimate of the damage. (St. Peter Aff. ¶ 3.)

10. Upon information and belief, the defendants' agents believed Butler was living away from the Property. (Rodriquez Aff. ¶ 13.)

11. On or about January 12, 2015, Gonzalez reported the damage to HallKeen's insurance company, CHUBB & Sons. (Maguire Aff. ¶ 9.)

12. On January 12, 2015, Attorney Jeff Turk e-mailed Butler's attorney to advise him that HallKeen employees had discovered the damaged water pipe in the Property. (Turk Aff. ¶ 7-8.)

One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

13. Butler testified he was not at the Property when the water damage occurred. (Butler Dep. p. 50.)

14. Butler testified he has no idea when the pipe broke. (Butler Dep. p. 80.)

15. Butler testified he does not remember when he was last at the Property before the pipe burst. (Butler Dep. p. 50.)

16. Butler testified he had no idea when he went to the Property after the water damage occurred or how much time he spent there. (Butler Dep. p. 79.)

17. Butler testified that he did not plan on staying there when he actually visited. (Butler Dep. p. 79.)

18. Butler testified that as a result of the water damage the Property was not habitable. (Butler Dep. p. 72.)

19. Butler testified that the floors in the Property had buckled and could be a tripping hazard. (Butler Dep. p. 72.)

20. Butler testified the Property did not smell great after the water damage occurred. (Butler Dep. p. 72.)

21. Butler testified that he believed one of HallKeen's agents caused the water damage to the Property, but had no factual basis for this belief. (Butler Aff. p. 79-80.)

22. On Thursday, January 29, 2015, the Property was inspected by an insurance adjuster for CHUBB & Sons, and a representative from Envirocheck. (Turk Aff. ¶ 10.)



One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

23. Counsel for the plaintiff was present during the inspection, however the plaintiff was not present. (Turk Aff. ¶ 11.)

24. On Monday, February 9, 2015, Geoffrey St. Peter, from ServiceMaster sent Gonzalez an e-mail stating, in part, that asbestos was present in the walls, ceilings and kitchen floor and an asbestos company would have to clean all surfaces. (St. Peter Aff. ¶ 10.)

25. On February 13, 2015, HallKeen Management participated in a conference call to discuss the condition of the Property. (Maguire Aff. ¶ 10.)

26. During that conference call, Gonzalez shared the results of the findings from Envirocheck and Mr. St. Peter's e-mail. (Maguire Aff. ¶ 11.)

27. During this call it was brought to HallKeen's attention that there may be asbestos and mold contamination in the Property. (Maguire Aff. ¶ 12.)

28. HallKeen had in place on February 13, 2015, and for sometime prior, an Asbestos Operations & Maintenance Plan for addressing, among other things, the possibility of asbestos being disturbed in a unit. (Maguire Aff. ¶ 13.)

29. Section 4.7.2 of the Asbestos Operations & Maintenance Plan called for all personnel and occupants to be vacated from the immediate area, isolating the affected area, and providing appropriate protection for workers, among other things. (Maguire Aff. ¶ 15.)

30. Based upon the report from Envirocheck, the information Gonzalez communicated to HallKeen Management regarding Mr. St. Peter's e-mail and HallKeen's Asbestos



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

Operations & Maintenance Plan, HallKeen Management decided that the following action needed to be taken immediately:

a. To change the locks on the Property because the report showed it was contaminated with mold and asbestos;

b. To post a sign that the locks had been changed because of the possible health hazard;

c. To advise Butler's attorney of the findings and the fact that HallKeen Management needed to change the locks to prevent any exposure to the contaminants;

d. To offer Butler another unit to move to; and

e. To ask ServiceMaster for a remediation company referral. (Maguire Aff. ¶ 16.)

31. On February 13, 2015, Gonzalez confirmed that the locks had been changed and a sign was posted on the door to the Property stating that it has been secured because of a health hazard. (Maguire Aff. ¶ 18.)

32. Butler testified that he saw the sign. (Butler Dep. p. 121.)

33. The decision to change the locks to the Property was based upon HallKeen's concern that Butler, its employees and or contractors might be inadvertently exposed to asbestos or mold contamination, which they understood to be a health hazard, if they were to enter into the Property without the proper protection. (Maguire Aff. ¶ 19.)

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN
& SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

34. At no time was retaliating against Butler for filing a CHRO Complaint against HallKeen a factor considered and or discussed in HallKeen's decision making process when it decided to secure the Property. (Maguire Aff. ¶ 20.)

35. At no time prior to this lawsuit being filed was it communicated to HallKeen that Butler was homeless. (Maguire Aff. ¶ 21.)

36. At no time after the water damage occurred did HallKeen receive a request from Butler or his agent to provide him temporary housing. (Maguire Aff. ¶ 22.)

37. On Friday, February 13, 2015, Attorney Turk sent an e-mail to Butler's attorney, Salmun Kazerounian, to advise him HallKeen had secured the Property because testing from the Property came back indicating there was asbestos contamination. (Turk Aff. ¶ 12.)

38. On February 17, 2015, Attorney Turk wrote to Attorney Kazerounian and extended an offer to transfer Butler to another unit within the complex with a parking space outside the unit. (Turk Aff. ¶ 14.)

39. On February 18, 2015, Butler executed a lease with HallKeen to occupy 95 Smith Drive, East Haven. (Butler Dep. p. 115.)

40. Because Butler received subsidized housing, HallKeen was required to close out his lease for the Property before he could execute a new lease for 95 Smith Drive. (Maguire Aff. ¶ 23.)



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

41. On or about February 23, 2015, Butler's attorney contacted Attorney Turk with regard to obtaining Butler's mail that had been delivered after the Property had been secured, and to request the status of the inventory of Butler's belongings. (Turk Aff. ¶ 17.)

42. Attorney Turk advised Butler's attorney that HallKeen was not denying his client access to his personal belongings but that it was not safe and if he disagreed he should let him know and they could discuss it. (Turk Aff. ¶ 18.)

43. Butler testified that he had concerns that asbestos might be contaminating his belongings. (Butler Dep. p. 127.)

44. Butler testified that it was HallKeen's responsibility to have his personal belongings tested for asbestos before they were released to him. (Butler Dep. p. 128.)

45. Butler testified that he wanted them to inspect and release his personal belongings immediately. (Butler Dep. p. 171.)

46. HallKeen hired Mystic Air Quality Consultants to test Butler's belongings for asbestos contamination. (Turk Aff. ¶ 20.)

47. On March 12, 2015, Attorney Turk received the results of the testing and advised Butler's attorney that the asbestos testing results had come in and Butler's belongings were not contaminated so he could move them. (Turk Aff. ¶ 21, 22.)

48. Butler testified he contacted the East Hartford Health Department. (Butler Dep. p. 124.)



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN & SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

49. On or about February 17, 2015, Attorney Turk responded to a call from the East Hartford Health Department regarding a complaint Butler filed regarding the Property and offered to give them anything they needed. (Turk Aff. ¶ 24, 25.)

50. Butler testified that he would leave the back door to the Property unlocked when he was not home. (Butler Dep. p. 34.)

51. Butler testified that a CB radio was stolen from the Property. (Butler Dep. p. 101.)

52. Butler testified that he never used the CB radio because it did not have an antenna. (Butler Dep. p 102.)

53. Butler testified that he has no idea who took the CB radio. (Butler Dep. p. 104.)

54. Butler testified that he does not know for sure if a HallKeen employee stole the CB radio. (Butler Dep. p. 150.)

55. Butler testified that he does not know when the CB radio was taken. (Butler Dep. p. 104.)

56. Butler testified that besides for the CB radio he is not missing any other personal property. (Butler Dep. p. 150.)

57. HallKeen paid to have an independent contractor move Butler's personal belongings from the Property to 95 Smith Street. (Rodriguez Aff. ¶ 20, Butler Dep. p 130.)

58. Butler's personal belongings could not be moved until Butler agreed to a date for the move and identified what he wanted to take and what he wanted thrown away. (Rodriguez Aff. ¶¶ 21-24.)



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

59. Mr. Rodriguez attested to the fact that no one on his staff took Butler's CB radio. (Rodriguez Aff. ¶ 27.)

60. HallKeen had been advised that there was contamination on Butler's personal property as well as in the Property. (Maguire Aff. ¶ 25.)

61. Mrs. Maguire attested to the fact that it was not HallKeen's intent to retain Butler's personal property. (Maguire Aff. ¶ 24.)

62. HallKeen's decision to secure the Property on February 13, 2015, against entry by anyone was based solely on its concern for the health and safety of anyone who might enter the Property. (Maguire Aff. ¶ 30.)

63. By securing the Property against entry by anyone, it was not HallKeen's intent to retain Butler's personal property. (Maguire Aff. ¶ 24.)

64. Butler testified that he has not owned a car since sometime prior to 2011. (Butler Dep. p. 39.)

65. Butler testified that he would stay in his girlfriend, Catherine Fountain's car when they argued or when he did not feel like going to her apartment. (Butler Dep. p 133-134.)

66. Butler received mail at Fountain's home. (Fountain Dep. p. 15.)

67. Butler had keys to Fountain's home. (Fountain Dep. p. 17.)

68. Fountain testified she put Butler on her automobile insurance policy. (Fountain Dep. 12-13.)



One Century Tower
265 Church Street
Suite 802
New Haven, CT 06510

HALLORAN
&SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

69. Fountain testified Butler brought just "a few clothes" to her house. (Fountain Dep. p. 23.)

70. Plaintiff's counsel demanded the defendants arrange for Butler's items to be boxed up and moved from Ms. Fountain's residence. (Pltf. Mem. of Law, Exhibit D, p.28, 34.)

71. A portion of the dining room ceiling had fallen down in the area where the pipe break occurred. (St. Peter Aff., Exhibit B, p. 3. Visual Observations.)

72. Butler's attorney requested that none of Butler's personal belongings be disposed of until Butler had a chance to review the inventory. (Pltf. Mem. of Law, Exhibit D, p.28.)

        THE DEFENDANTS:
        HALLKEEN MANAGEMENT, INC.; AND
        HALLKEEN EAST HARTFORD
        LIMITED PARTNERSHIP

        By: */s/ Mark A. Perkins*
        Mark A. Perkins, Esq.
        HALLORAN & SAGE LLP
        One Century Tower
        265 Church Street, Suite 802
        New Haven, CT 06510
        Fed. Bar #ct22419
        Phone:  203-672-5488
        Fax:  203-672-5480
        perkins@halloransage.com
        Its Attorneys



One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

**CERTIFICATION**

This is to certify that on this 13th day of July, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                */s/ Mark A. Perkins*
                                                Mark A. Perkins, Esq.

One Century Tower
265 Church Steet
Suite 802
New Haven, CT 06510

HALLORAN & SAGE LLP

Phone (203) 672-5432
Fax (203) 672-5480
Juris No. 432591

4277258v.1